UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KURT R. DENNISTON,

                              Movant,

                                                  Case # 19-MC-6010-FPG

v.

                                                  DECISION AND ORDER

ABIOMED, INC., et al.,

                              Respondents.

Movant Kurt R. Denniston moves to quash a deposition subpoena issued by Respondents Abiomed, Inc., Abiomed Europe GmbH, and Abiomed R&D, Inc. For the reasons that follow, Denniston's motion to quash (ECF Nos. 1, 2) is GRANTED.

Respondents seek to depose Denniston in connection with two patent cases pending in the District of Massachusetts. In the first case, Abiomed, Inc. filed an action seeking a declaratory judgment that it does not infringe on "six patents directed to guidable intravascular blood pumps and related methods." *Abiomed, Inc. v. Maquet Cardiovascular LLC*, 329 F. Supp. 3d 1, 7 (D. Mass. 2018) [hereinafter "*Abiomed I*"]. Maquet Cardiovascular, LLC owns the six patents. *Id.* Based on the materials submitted to the Court, it appears that the dispute in *Abiomed I* has been narrowed to two claims of a single patent, known as the '100 patent.

In the second case, Maquet sued Abiomed for allegedly infringing on another related patent. *See Maquet Cardiovascular LLC v. Abiomed, Inc.*, No. 17-12311, 2018 WL 4211364, at *1 (D. Mass. Sept. 4, 2018) [hereinafter "*Abiomed II*"].

From 2013 to 2017, Denniston worked for Maquet's parent company. *See* ECF No. 1-6 at 3. As "IP Counsel," he assisted in the prosecution of a patent application that the parties refer to as the '728 patent. *See id.* at 2. The '728 patent is not directly at issue in either case, but

1

Respondents nevertheless believe it to be relevant to the pending litigation. Specifically, they suggest that Denniston's testimony may be relevant to a claim of inequitable conduct,[1] insofar as he worked at "Maquet's corporate parent when a number of the key misrepresentations and omissions were made in procuring other patents in [the patent family]." ECF No. 7 at 4; *see also* ECF No. 13 at 7-8.

Under Federal Rule of Civil Procedure 45, a court may quash a deposition subpoena if the testimony it seeks is irrelevant. *See, e.g.*, *Clift v. City of Burlington*, No. 12-CV-214, 2013 WL 12347197, at *1 (D. Vt. Aug. 26, 2013) ("Although Rule 45 does not explicitly refer to the relevancy requirements for discovery, many courts have quashed subpoenas that are not reasonably calculated to lead to the discovery of admissible evidence." (internal quotation marks omitted)); *GMA Accessories, Inc. v. Electric Wonderland, Inc.*, No. 07 Civ. 3219, 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012) (same). Here, Respondents seek testimony related to potential inequitable conduct, but it is undisputed that they have yet to plead inequitable conduct in either action. *See* ECF No. 13 at 7; ECF No. 16 at 6. Therefore, the testimony sought is irrelevant, and the Court grants Denniston's motion to quash.

The Court's conclusion is consistent with that of United States Magistrate Judge Jennifer C. Boal, who recently denied Abiomed's motion to compel depositions in the underlying patent litigation. *See* ECF No. 8 at 6-7. There, as here, Abiomed sought depositions to investigate a claim for inequitable conduct. Observing that inequitable conduct had not been pleaded, Judge Boal denied the motion.

---

[1] "Inequitable conduct by the patent applicant is a defense to a claim of patent infringement." *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 921 F. Supp. 2d 229, 242 (S.D.N.Y. 2013). "If patent rights were secured by the inequitable conduct of the patent applicant, or any person substantively involved in the patent prosecution, enforcement of the entire patent is barred." *Id.* at 242-43.

Accordingly, the Court finds that Respondents' subpoena subjects Denniston to an undue burden because it seeks irrelevant information. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). Denniston's motion to quash (ECF Nos. 1, 2) is therefore GRANTED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: December 13, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court